**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 4:26-cv-8684** |
| | § | |
| **COMCAST OF HOUSTON, LLC,** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Comcast of Houston, LLC ("Comcast of Houston") files its Notice of Removal ("Notice of Removal") in the above-captioned case from the Texas Business Court, 11th District.

## I. PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing Plaintiff CenterPoint Energy Houston Electric, LLC's Original Petition (the "Petition") on September 11, 2026, in the Texas Business Court, 11th District ("Business Court"), and the case was docketed as Cause No. 26-BC11B-0105. In the Petition, Plaintiff alleges claims against Comcast of Houston for breach of contract and trespass.

2. Comcast of Houston was served with the Petition on September 14, 2026 via its registered agent.

## II. PROCEDURAL REQUIREMENTS

3. Pursuant to Local Rule ("LR") 81, Comcast attaches the following to this Notice of Removal:

a. A Civil Cover Sheet (form JS-44);

b. An index of materials being filed (Exhibit 1)

c. All executed process in this case (Exhibit 2);

d. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit 3)[1];

e. The docket sheet (Exhibit 4); and

f. A list of all counsel of record, including addresses, telephone numbers, email addresses and parties represented (Exhibit 5).

4. As required by 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within thirty days of the date Comcast of Houston was served with the Petition.

5. Comcast of Houston will promptly file a copy of this Notice of Removal with the clerk of the Business Court.

## III. BASIS FOR REMOVAL

6. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) parties because: (1) the parties are completely diverse; and (2) the amount in controversy exceeds $75,000.00.

---

[1] The Business Court has not entered any orders to date. LR 81(3).

[2] 28 U.S.C. § 1441(a).

**A. Complete Diversity**

7. "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a[n] LLC is determined by the citizenship of all of its members."[3] When an LLC's members include additional business organizations, the "appropriate tests for citizenship involve tracing entities' citizenships down the various organizational layers where necessary."[4] A corporation is a citizen of the state in which it was incorporated and in the state where it maintains its principal office.[5]

8. Comcast of Houston is limited liability company whose sole member is Comcast Cable Communications, LLC. Comcast Cable Communications, LLC's sole member is Comcast Holdings Corporation. Comcast Holdings Corporation is a Pennsylvania corporation with its principal office in Pennsylvania. Accordingly, Comcast of Houston is a citizen of Pennsylvania for purposes of diversity jurisdiction.[6]

9. Plaintiff is a limited liability company. Plaintiff's latest public information report discloses its sole member is Utility Holdings, LLC, a limited liability company. A recently filed corporate disclosure statement discloses Utility Holdings, LLC's sole member is CenterPoint Energy, Inc. CenterPoint Energy, Inc., is a publicly traded corporation whose latest SEC Form

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (finding citizenship of unincorporated organization is to be determined by citizenship of all of its members).

[4] *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (per curiam) (cleaned up).

[5] 28 U.S.C. § 1332(c)(1).

[6] *See Thomason v. Outback Steakhouse of Fla., L.L.C.*, No. 1:17-CV-01541, 2019 WL 3526839, at *1 n.1 (W.D. La. May 14, 2019) (stating that, where a defendant LLC's sole member was itself an LLC, and the member LLC's sole member was a Delaware corporation with its principal place of business in Florida, the defendant LLC's citizenship was both Delaware and Florida).

10K discloses it is incorporated in Texas and has its principal place of business in Texas. Thus, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

10. Because Plaintiff and Comcast of Houston do not share citizenship, complete diversity exists between the parties.[7]

**B. Amount in Controversy**

11. Plaintiff "seeks monetary relief of $5 million or more," alleging Comcast of Houston has failed to pay annual fees associated with "nearly 50,000 attachments" to its electric distribution poles.[8]

12. Because Plaintiff pleaded it is seeking upwards of $5 million, the minimum amount of controversy of $75,000 exists.[9]

## IV. VENUE

18. The United States District Court for the Southern District of Texas, Houston Division, embraces Harris County, Texas, where the state court action was filed and is pending. Accordingly, venue is proper in this District under 28 U.S.C. §§ 1441 and 1446 because the state court where the suit is pending is located in this District and Division.[10]

## V. CONCLUSION

Defendant Comcast of Houston, LLC, respectfully requests this Court accept this Notice of Removal, that this suit be removed to the United States District Court for the Southern District

---

[7] 28 U.S.C. §§ 1332(a).

[8] Pet. ¶¶ 2, 20; *see S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (removal can be based on an amount in controversy that is "readily apparent from the complaint"); *Arriaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *3 (N.D. Tex. Feb. 11, 2015) (holding it is facially apparent from the petition that the amount in controversy is met because the plaintiff demanded an amount between $100,000 and $200,000).

[9] 28 U.S.C. § 1332(a).

[10] 28 U.S.C. §§ 1441(a); 124(a)(1).

of Texas, Houston Division, and that this Court exercise its jurisdiction over the claims and defenses presented in this lawsuit.

DATED: October 5, 2026

Respectfully submitted,

*/s/ Jordan R. Curry*
T. Scott Thompson (*pro hac vice* forthcoming)
sthompson@mintz.com
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**
555 12th Street NW
Suite 1100
Washington, DC 20004
(202) 434-7440 (telephone)
(202) 434-7400 (facsimile)

Jordan R. Curry
Texas Bar No. 24116242
jcurry@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard, Suite 4000
Dallas, Texas 75201
(214) 855-7500 (telephone)
(214) 855-7584 (facsimile)

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that, on October 5, 2026, a true and correct copy of the foregoing was served by email on counsel of record for Plaintiff and by filing a copy of the Notice of Removal with the clerk of the state court proceeding.

*/s/ Jordan R. Curry*
Jordan R. Curry